IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY WARREN, #1334008, | § | |
| Plaintiff, | § | |
| v. | § | 3:12-CV-0938-P-BK |
| | § | |
| THE ESTATE OF HENRY WADE, et al., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case is referred to the undersigned United States Magistrate Judge. Plaintiff, a Texas state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, seeking reversal of his 1986 conviction for aggravated sexual assault of a child, as well as monetary relief. This Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening of the complaint and Plaintiff's answers to the Magistrate Judge's Questionnaire. For the reasons that follow, this case should be dismissed as frivolous.

### I.   BACKGROUND

In 1986, Plaintiff was convicted of aggravated sexual assault of a child and sentenced to twenty years imprisonment.[1] Subsequently, he was also convicted of theft of property and burglary of a habitation.[2]

In 2008, after discharging the twenty-year sentence imposed on his aggravated sexual assault conviction, Petitioner filed a habeas action challenging that conviction. This Court

---

[1] *State v. Warren*, No. F86-83863 (Dallas County 1986), *aff'd*, No. 05-86-00646-CR (Tex. App.– Dallas, 1987).

[2] *State v. Warren*, No. F96-43171 (Dallas County 1986), *aff'd*, 05-96-00672-CR (Tex. App. – Dallas, 1987); *State v. Warren*, No. 18,427 (Hunt County 1997); *State v. Warren*, F05-48406 (Dallas County 2005), *aff'd*, 05-05-01498-CR (Tex. App. – Dallas, 2006).

1

dismissed the petition for lack of jurisdiction because Petitioner could not satisfy the *in custody* requirement.[3]

In this action, Plaintiff renews the challenge on his 1986 conviction for aggravated sexual assault. He names as defendants twelve Dallas County prosecutors, seven of his former defense attorneys, three state judges, an employee of the Children's Medical Center and the Texas Department of Human Services, United States District Judge David C. Godbey, United States Magistrate Judge William F. Sanderson, Jr., and Assistant Attorney General Tommy Skaggs. (Doc. 3 at 6-12; Doc. 7, ans. 4-5). Plaintiff asserts that: he is actually innocent of the aggravated sexual assault offense; the prosecution knowingly failed to correct false evidence; the evidence was insufficient to sustain his conviction; the judges abused their discretion in allowing false testimony; and he received ineffective assistance of counsel. *Id.*[4]

## II.   ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

---

[3] *Warren v. Quarterman*, No. 3:08-CV-1228-N, 2008 WL 4710812 (N.D. Tex. 2008), *certificate of appealability denied*, No. 08-11049 (5th Cir. 2009), *cert. denied*, No. 09-7863 (2010).

[4] Plaintiff's claims against Judges Godbey and Sanderson relate to the denial of the federal habeas petition in No. 3:08-CV-1228-N, whereas the claims against Defendant Skaggs relate to the response filed in No. 3:08-CV-2163-D (a habeas petition challenging Petitioner's conviction in cause number F05-48406).

2

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

The doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's challenge to his aggravated sexual assault conviction. In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.

The *Heck* "favorable termination" requirement applies even after an inmate is no longer in custody on the conviction in question and, thus, is unable to challenge his imprisonment by means of a federal habeas petition. *See Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000) (holding that *Heck's* "favorable termination" requirement applied to custodial as well as released inmates). And while Circuits are split on the applicability of *Heck* to a plaintiff who is no longer in custody on his conviction,[5] as is the case here, *Randell* remains the binding precedent of this Circuit and, thus, this Court.

In this case, a ruling in Plaintiff's favor on the claims pled against the various defendants "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Thus, unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's

---

[5] *See Cohen v. Longshore*, 621 F.3d 1311, 1315-16 (10th Cir. 2010) (noting circuits split on whether *Heck* favorable-termination requirement prevents section 1983 claims for damages even when brought by litigants whose release from custody has made habeas relief unavailable).

3

confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. In answer to the Court's questionnaire, Plaintiff admits that no court has reversed or invalidated his aggravated sexual assault conviction, and so the favorable termination requirement with respect to his aggravated sexual assault conviction has not been met. (Doc. 7, ans. 3). Accordingly, Plaintiff is precluded from pursuing the claims he alleges here. *See Randell,* 227 F.3d at 301 ("Because [plaintiff] is seeking damages pursuant to section 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery.").[6]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be **DISMISSED** with prejudice as frivolous. S*ee* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(2). The dismissal of this case will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[7]

---

[6] In the complaint and answers to the questionnaire, Plaintiff requests the appointment of counsel. However, having recommended dismissal of the entire case, his request for appointment of counsel should be denied. *See* 28 U.S.C. § 1915(e)(1) (a court may appoint counsel for a plaintiff proceeding *in forma pauperis* only if the case presents "'exceptional circumstances."); *Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (an *in forma pauperis* plaintiff is not entitled to court-appointed counsel as a matter of law).

[7] Section1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

SIGNED August 20, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE